**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-459 C
(Filed May 18, 2015)

| | |
|---|---|
| ISAAC A. POTTER, JR., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**FILED**

MAY 1 8 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On June 18, 2014, plaintiff filed a compilation of documents, which he titled "Amended Complaint." Doc. 5. The filing includes a civil cover sheet and other court forms; numerous documents related to previous claims in this court, the United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, and the Trademark Trial and Appeal Board; and, documents of uncertain origin that seem to relate to a trademark issue. *See id.* The handful of pages that appear to have been created as part of this filing include no coherent recitation of facts, and refer to propositions of law that are not tethered to any particular claim. *See, e.g., id.* at 12, 23, 49-50.

Shortly after filing his amended complaint, plaintiff filed a motion to disqualify counsel, *see* Doc. 10, and a motion for summary judgment, *see* Doc. 11. The government, in response to the amended complaint, filed a motion to dismiss. *See* Doc. 12. These three motions are currently before the court.

The government argues that the amended complaint should be dismissed for three independent reasons: (1) as a frivolous filing, pursuant to 28 U.S.C. § 1915(e)(2); (2) for failure to state a claim, pursuant to RCFC 12(b)(6); and (3) for lack of jurisdiction over due process claims. *See* Doc. 12. Because the court finds that plaintiff has failed to recite any facts that could plausibly support a claim in this case, RCFC 12(b)(6) is the most appropriate ground for analysis.

The court should dismiss plaintiff's amended complaint under RCFC 12(b)(6) if "the facts asserted by the claimant do not under the law entitle him to a remedy." *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998). As the Supreme Court

of the United States has held, to avoid dismissal for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint meets this standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

Here, plaintiff's allegations fail to present a facially plausible claim, even under the lenient standard afforded to *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers"). This is not a technical or close call—plaintiff's amended complaint is simply devoid of any allegations that could arguably state a claim for any sort of relief.

The fact that plaintiff filed a compilation of documents related to previously filed cases suggests that he means to attack those previous decisions. Even assuming that is the case, this court has no authority to consider such claims. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. Apr. 7, 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court.") (citing *Allustiarte v. United States,* 256 F.3d 1349, 1352 (Fed. Cir. 2001); *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994); *Innovair Aviation Ltd. v. United States,* 632 F.3d 1336, 1343 (Fed. Cir. 2011); *Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

The government's motion to dismiss is hereby **GRANTED**, and plaintiff's amended complaint is **DISMISSED**.

In addition to dismissing the case, the government has requested that the court enjoin plaintiff "from filing additional claims on the same set of operative facts." Doc. 12 at 9. The court understands the government's concern with regard to plaintiff's persistent litigation. Given the fact that plaintiff has made no discernible claim in the case, however, the court is unable to bar him from making claims relating to the "same set of operative facts." Despite the fact that the court will not issue an injunction at this time, plaintiff is admonished to heed the court's conclusion that it cannot review matters that have been decided in previous proceedings.

Plaintiff's motion to disqualify counsel and motion for summary judgment are **DENIED**, as moot.

**SO ORDERED.**

_____
James F. Merow
Senior Judge